IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| BRANDON LOVELESS, on behalf of himself and others similarly situated, | § § § | CIVIL ACTION NO. 19-2698 |
| *Plaintiff,* | § § § | JURY TRIAL DEMANDED |
| v. | § § | |
| ECOTECH, LLC and MICHAEL AVRUSHENKO, | § § § | COLLECTIVE ACTION |
| *Defendants.* | § § | |

## COLLECTIVE ACTION COMPLAINT

1.      Ecotech, LLC ("Ecotech"), an automotive repair and maintenance company, and Michael Avrushenko (collectively "Defendants") are violating the Fair Labor Standards Act ("FLSA") by forcing Plaintiff Brandon Loveless and similarly situated workers, to work a substantial amount of overtime without properly paying all compensation due, thus depriving them of rightful compensation for their work that Defendants are legally obligated to pay.

2.      Plaintiff worked for Defendants as a technician and was damaged by those illegal policies or practices.  In short, Plaintiff was denied the timely overtime compensation he was due under the FLSA.  Plaintiff brings this lawsuit on behalf of himself and all other similarly situated current or former technicians to recover unpaid wages and overtime compensation, liquidated damages, attorneys' fees, and costs owed to him individually and on behalf of other similarly situated individuals.

## I.      JURISDICTION AND VENUE

3.      This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, namely the FLSA, 29 U.S.C. § 201 *et seq*.

1

4.      Venue is proper because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in St. Louis, Missouri.  28 U. S. C. § 1391(b)(2).

## II.      THE PARTIES

5.      Plaintiff worked as a technician for Defendants.  He regularly worked in excess of 40 hours per week without receiving all the compensation he was due under the FLSA.  Plaintiff Brandon Loveless's FLSA consent is attached as Exhibit A.

6.      The FLSA class of similarly situated employees consists of all current and former technicians who were employed by Defendants during the three-year period preceding the filing of this Complaint.  These similarly situated individuals are referred to as the "Members of the Class" or "the Class."

7.      Defendant Ecotech, LLC is a domestic for-profit limited liability company with a principal place of business at 8512 Watson Road, Saint Louis, Missouri 63119 which is engaged in commerce in the United States and is otherwise subject to the FLSA.  Ecotech, LLC employed Plaintiff and Members of the Class within the meaning of the FLSA.  Ecotech, LLC may be served with process by serving its Registered Agent, Michael Avrushenko, at 8512 Watson Road, Saint Louis, Missouri 63119.

8.      Defendant Michael Avrushenko is the owner and principal of Defendant Ecotech, LLC.  He is an individual residing in Missouri.  Avrushenko, upon information and belief, possessed control over Defendant Ecotech, LLC's actual operations in a manner that directly relates to Plaintiff's employment and that of those similarly situated to Plaintiff.  Defendant Avrushenko directly affected employment-related factors such as workplace conditions and/or operation, personnel, and/or compensation.  Defendant Avrushenko may be served with process at 623 W. Frisco Avenue, Saint Louis, Missouri 63119.

2

### III.   BACKGROUND

9.      The preceding paragraphs are incorporated by reference.

10.     Defendants operate an automotive repair and maintenance company located in St. Louis, Missouri.  Defendants specialize in repairs and maintenance services on Subaru, Toyota, Honda, Saab, Volvo, Volkswagen, Audi, BMW, and Nissan.  Additionally, Defendants employ technicians to repair and service customers' vehicles.  Defendants' technicians provide services that include, but are not limited to, oil changes, tires, alignments, as well as diagnose, repair or replace engines transmissions, suspensions, computers, and other automotive systems.

11.     Upon information and belief, Plaintiff and Members of the Class regularly worked in excess of 40 hours per workweek.  However, Defendants did not pay Plaintiff and the Class overtime compensation at one and one-half times their regular rates for all hours worked in excess of 40 each week.  Instead, Defendants only pay/paid their technicians straight-time pay (no overtime) for all hours worked, including the hours working in excess of 40 hours in a workweek. Additionally, Plaintiff did not receive any compensation for his last two weeks he worked for Defendants.  As a result, Defendants failed to properly compensate their employees under the FLSA.

### IV.   PLAINTIFF'S INDIVIDUAL ALLEGATIONS

*A.   Defendants Failed to Properly Pay Regular and Overtime Compensation.*

12.     The preceding paragraphs are incorporated by reference.

13.     Plaintiff worked for Defendants as a technician, where he provided repairs and maintenance services on the customers' vehicles, such as diagnosing, repairing, and/or replacing engines, transmissions, and other automotive systems.  During his employment, Plaintiff

frequently worked five consecutive days during a workweek.   In a workweek, Plaintiff often worked approximately 45 hours or more.

14.     During Plaintiff's employment, Defendants paid him a set hourly rate for all hours worked in a workweek, and Plaintiff was paid on a biweekly basis.  For the hours worked in excess of 40 hours per week, Defendants paid Plaintiff his straight-time rate, rather than one and one-half times his regular rate.   Additionally, on numerous occasions, Defendants improperly deducted hours from Plaintiff's pay stubs on the basis of needing to pay for alleged damaged automotive parts.  Plaintiff did not receive any compensation for the last two weeks he worked for Defendants.

15.     The FLSA and applicable regulations require Defendants to pay hourly compensation for each hour an employee is suffered or permitted to work, and to pay overtime compensation at 1.5 times Plaintiff's regular rate of pay for each hour Plaintiff worked in excess of 40 hours per week.  Defendants should have paid Plaintiff overtime compensation for at least 5 hours or more in a typical workweek, but Defendants failed to pay Plaintiff that amount.

16.     By failing to pay Plaintiff as described above, Defendants have deprived Plaintiff of a significant amount of regular and overtime compensation to which he is rightfully entitled.

**B.     *Defendants Willfully Violated the FLSA.***

17.     The FLSA and Department of Labor regulations require that individuals receive at least minimum wage for all hours suffered or permitted to work.  In addition, the FLSA and Department of Labor regulations set forth the proper means for calculating and paying minimum wage and overtime compensation to non-exempt employees like Plaintiff.  Defendants failed to follow these rules when paying Plaintiff.

18.     Defendants have or had a policy and/or practice of not paying their employees the proper rate for overtime they worked.  Instead, Defendants paid their employees their regular rate

for all hours worked (or less than given the improper deductions with regard to alleged damaged parts), with no overtime premium for hours worked over 40 in a workweek as required under the FLSA.  Defendants should have paid their employees overtime compensation at 1.5 times their regular rates for all hours worked in excess of 40 hours per workweek.

19.     Defendants know or have shown reckless disregard for the requirements of the FLSA with respect to compensation for Plaintiff.

## V.     FLSA COLLECTIVE ACTION ALLEGATIONS
## UNDER 29 U.S.C. § 216(B)

20.     The preceding paragraphs are incorporated by reference.

21.     Plaintiff is aware that Defendants' illegal pay policies or practices have been imposed upon Members of the Class.  Like Plaintiff, Members of the Class are employed by Defendants as technicians, who perform(ed) the same duties as Plaintiff, as described above.  As with Plaintiff, Members of the Class frequently worked substantial amounts of overtime that was not properly compensated in accordance with the FLSA.

22.     Upon information and belief, the Members of the Class are/were also not properly paid for all hours suffered or permitted to work, as described above with regard to Plaintiff.

23.     Defendants' failure to properly compensate Plaintiff and Members of the Class results, upon information and belief, from a generally applicable policy and/or practice. Specifically, upon information and belief, it is a policy and/or practice of Defendants to pay their employees for less than all the overtime hours that such workers are suffered or permitted to work. As such, the Members of the Class are owed additional overtime compensation plus liquidated damages, attorneys' fees, and expenses for precisely the same reasons as Plaintiff.

24.     Accordingly, the FLSA collective class of similarly situated plaintiffs is properly defined as:

> **All current and former technicians who were employed by Defendants during the three-year period preceding the filing of this complaint.**

25.     Members of the Class should be notified of this lawsuit and given the opportunity to opt-in if they so desire.

26.     Notice from this Court should be expedited to protect these workers from losing a portion of their damages due to the running of the statute of limitations.

## VI.     CAUSES OF ACTION

27.     The preceding paragraphs are incorporated by reference.

28.     As set forth above, Defendants violated the FLSA with respect to Plaintiff and Members of the FLSA Class by failing to pay at least minimum wage for all hours suffered or permitted to work in a week and by failing to properly compensate for overtime hours, as described above.  29 U.S.C. §§ 206, 207.

29.     Plaintiff and Members of the Class are entitled to recover at least a minimum wage for all hours worked, as well as overtime compensation at one and one-half times their regular rates of pay for all hours worked in excess of 40 hours in a week.  29 U.S.C. §§ 206, 207, 216 (b).

30.     In addition, Plaintiff and Members of the Class are entitled to liquidated damages in an amount equal to their unpaid wages, including overtime wages.  29 U.S.C. § 216(b).

31.     Moreover, Plaintiff and Members of the Class are entitled to reasonable attorneys' fees and costs.  *Id*.

## VII.     JURY DEMAND

32.     Plaintiff demands a jury trial.  Any required jury fee has been or will be timely paid.

## PRAYER

WHEREFORE, Plaintiff requests that this Court enter final judgment against Defendants Ecotech, LLC and Michael Avrushenko for:

1. damages for the full amount of unpaid wages due under the FLSA in favor of Plaintiff and Members of the Class;

2. damages for the full amount of unpaid overtime compensation due under the FLSA in favor of Plaintiff and Members of the Class;

3. an amount equal to unpaid wages, including unpaid overtime compensation, as liquidated damages pursuant to 29 U.S.C. § 216 in favor of Plaintiff and Members of the Class;

4. reasonable attorneys' fees, costs and expenses of this action;

5. pre-judgment and post-judgment interest at the highest rate allowed by law; and

6. such other and further relief as may be allowed by law.

DATED this 3rd day of October 2019.

Respectfully submitted,

By: */s/ Robert W. Cowan*
    Robert W. Cowan
    Missouri State Bar No. 68929
    Eastern District of MO #24031976T
    Texas Bar No. 24031976
    Katie R. McGregor
    Texas Bar No. 24098079
    *(Pro Hac Vice to be req'd)*
    BAILEY COWAN HECKAMAN PLLC
    5555 San Felipe St., Suite 900
    Houston, Texas 77056
    Phone: 713-425-7100
    Fax: 713-425-7101
    rcowan@bchlaw.com
    kmcgregor@bchlaw.com

    *Attorneys for Plaintiff*