## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into by and between Named Plaintiff Brandon Loveless ("Named Plaintiff") and Defendant Ecotech, LLC ("Ecotech"), on the one hand, and Defendant Michael Avrushenko (collectively, "Defendants") on the other hand, in connection with Plaintiff's claims against the Defendants in the complaint filed in the United States District Court for the Eastern District of Missouri, Case No. 19-2698 NAB, styled *Brandon Loveless, on behalf of himself and others similarly situated v. Ecotech, LLC and Michael Avrushenko* (the "Action").

WHEREAS, Plaintiff filed the Action on or about October 4, 2019; and

WHEREAS, Defendants' response to the Action is due December 6, 2019; and

WHEREAS, the Action claims that Named Plaintiff and others similarly situated were not paid wages due under the Fair Labor Standards Act; and

WHEREAS, Defendants deny the claims and allegations asserted in the Complaint;

WHEREAS, Defendants deny they engaged in any wrongdoing whatsoever against Plaintiff; and

WHEREAS, the Parties now desire to fully and finally resolve the disputes between them or among Named Plaintiff and Defendants relating to the Action.

**NOW, THEREFORE,** in consideration of these promises and the terms and conditions contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

1. **Terms of Settlement Payment to Plaintiff.**

    (a)    In consideration of the promises set forth in this Agreement, Defendants agree to pay to Named Plaintiff to him and on his behalf the total sum of **TWELVE THOUSAND SEVEN HUNDRED FIFTY DOLLARS AND NO CENTS ($12,750)** (the "Settlement Payment"). Defendants will pay the Settlement Payment in three separate checks.

    - The first check will be in compromise for lost wages which Named Plaintiff claims to be due to him which will be payable to "Brandon Loveless" in the gross amount of Five Thousand Two Hundred Dollars ($5,200.00) minus applicable withholding and for which a Form W-2 will be issued to Plaintiff. This sum constitutes FLSA wages Named Plaintiff asserts to be due to him from Defendants.

    - The second check will be in compromise for liquidated damages which Named Plaintiff claims to be due to him which will be payable to "Brandon Loveless" in the gross amount of One Thousand Eight Hundred Twelve Dollars and Sixty-Five

Cents ($1,812.65) which shall not be reduced by withholding but for which a 1099 form shall be issued to Brandon Loveless after the close of calendar year 2019.

- The third check will be payable to "Bailey Cowan Heckaman PLLC" in the amount of Five Thousand Seven Hundred Thirty Seven Dollars and Thirty-Five Cents ($5,737.35) in compromise for attorney's fees and costs, for which a Form 1099 will be issued to the "Bailey Cowan Heckaman PLLC."

Named Plaintiff acknowledges that the Settlement Payment constitutes valuable consideration and is money he would not otherwise receive but for his execution of and compliance with this Agreement.

(b)     The Settlement Payment will be delivered to Named Plaintiff's counsel within ten (10) calendar days after all of the following events have occurred: (1) Named Plaintiff has delivered to Defendants' counsel, Karen E. Milner of Ford & Harrison LLP, a fully signed copy of this Agreement; (2) the Court has approved the settlement; and (3) Named Plaintiff and his attorneys have provided Defendants (care of its legal counsel) with all required tax forms, including the W-9 form from Named Plaintiff's counsel.

(c)     Named Plaintiff acknowledges and agrees that aside from the Settlement Payment, he is not owed any compensation, wages, expense reimbursements or benefits by Defendants, and that he is not entitled to receive any additional payments from Defendants other than the Settlement Payment.

(d)     The Settlement Payment is in full and complete settlement of the claims Named Plaintiff asserts have arisen from his employment with Defendants.

(e)     Named Plaintiff understands and agrees that Defendants are neither providing tax nor legal advice, nor making representations regarding tax obligations or consequences, if any, related to this Release.

2.     **Release.**

(a)     In consideration for the Settlement Payment, and except for the obligations arising out of this Agreement, Named Plaintiff, including his family members, heirs and assigns, hereby irrevocably and unconditionally release, acquit and forever discharge the Defendants, all subsidiaries, parents, affiliates, servants, agents, directors, officers, employees, representatives, insurers, and attorneys, and all persons acting by, through, under or in concert with Defendants (collectively, "Releasees"), or any of them, from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts and expenses of any nature whatsoever, known or unknown, suspected or unsuspected, which may exist as of the effective date of this Agreement, regarding any claim for damages related to Plaintiff's employment or alleged employment and separation from employment or alleged employment with all named Defendants, any rights arising out of Plaintiff's employment or alleged employment and separation from employment or alleged employment with all named Defendants, including, but not limited to, any and all claims arising

under or which could be asserted under the Fair Labor Standards Act and/or the Missouri Minimum Wage Law; any and all claims or causes of action Named Plaintiff may now have relating to nonpayment of any wages, including but not limited to unpaid wages, bonuses commissions, off-the-clock wages, minimum wages, unpaid wages or overtime wages, expense reimbursements, improper deductions or contributions, meal or rest period violations, paystub violations and waiting-time penalties, breach of contract, unjust enrichment, and any other common law claims, statutory violations or administrative claims waivable by law.

(b)     The Parties further understand and agree that this is a full, complete and final general release of any and all claims described as aforesaid, and the Parties agree that it shall apply to all unknown, unanticipated, unsuspected and undisclosed claims, demands, liabilities, actions or causes of action, in law, equity or otherwise, as well as those which are now known, anticipated, suspected or disclosed.

(c)     Named Plaintiff represents, warrants and agrees that the Settlement Payment is a good faith compromise of his claims and that he has been paid all compensation of any kind or type due and owing to him by Defendants in connection with his employment.

(d)     The Parties agree this release will remain in effect as a general release of his claims, notwithstanding any additional or different facts or claims he may discover about the matters herein released.

### 3.     Dismissal of the Action with Prejudice.

Named Plaintiff agrees that, within ten (10) days after receiving the Settlement Payment from Defendants, the Action shall be dismissed with prejudice. Parties to this Agreement on behalf of themselves, their agents, successors, assigns and affiliates agree that they will not make, assert or maintain against any person, partnership, or corporation released herein, any claim, demand, action or suit arising out of or in connection with the matters herein released.

### 4.     Effect of Failure of Court Approval.

Should the Court overseeing this Action fail to approve the settlement as contemplated by this Agreement, then the Parties shall work in good faith to continue to seek Court approval of the settlement. Should the Court still fail to approve this settlement after the exhaustion of the Parties' reasonable efforts to seek approval, then the Parties shall continue with the Action as though this settlement never took effect. Generally speaking, the Parties are free to engage in future settlement negotiations if the Court fails to approve this settlement.

### 5.     Confidentiality.

Named Plaintiff agrees to keep the amount paid in consideration as stated in this Agreement confidential. This Paragraph does not preclude Named Plaintiff from discussing the consideration being provided to Named Plaintiff with Named Plaintiff's tax advisor, attorney, or spouse, upon their agreement to keep the consideration confidential; or to taxing authorities,

governmental agencies, or in response to a valid court order or subpoena. Named Plaintiff's obligation hereunder shall not exist from such time, if ever, as the amount paid is disseminated to the public, through no fault of Named Plaintiff. Subject to the above, if asked in writing or orally about the outcome of the lawsuit, Named Plaintiff shall only respond that "the matter is resolved."

6. **No Assignment of Released Claims.**

The Parties represent and warrant that neither they, nor any of their agents, successors, assigns, and affiliates, have assigned or transferred or purported to transfer or assign any matter herein released, and agrees to indemnify and hold the other Parties harmless from and against any claim, demand, damage, debt, liability, cost or expense or cause of action, including attorneys' fees paid or incurred, arising out of any breach of such representations or warranties.

7. **Independent Legal Advice.**

The Parties to this Agreement represent and agree that in executing this document they do so with full knowledge of the rights they may have in respect to the other Parties to this Agreement, and that they have received independent legal advice as to these rights from counsel whose signatures are reflected herein.

8. **Denial of Liability.**

Nothing herein shall be construed as an admission by any Party of any liability of any kind to the other Party.

9. **No Re-Employment.**

Named Plaintiff acknowledges that he resigned his employment with Defendant Ecotech, LLC and that Ecotech's past practice has been to not rehire individuals who has resigned their employment. As such, Named Plaintiff agrees he will not seek re-employment with nor become employed by Defendants or any of their subsidiaries, parent companies, or related companies, at any time in the future.

10. **Miscellaneous:**

(a) **Entire Agreement.** This Agreement contains all representations, and the entire understanding among the Parties, and supersedes all prior written and oral agreements that exist or may exist between the Parties. This Agreement may be modified only by written instrument signed by all the Parties hereto.

(b) **Attorneys' Fees and Costs.** The Parties understand and agree that each shall bear their own costs and attorneys' fees incurred to date in this Action and also their own costs and attorneys' fees incurred in connection with the negotiation, preparation, and execution of this Agreement. The Parties agree further that should a dispute arise over the enforcement of a

material term in this Agreement, the prevailing Party shall be entitled to recovery of the costs and reasonable attorneys' fees incurred in connection with any such dispute.

(c) **Waiver—Validity.** No waiver of any provision of this Agreement shall constitute a waiver of any other provision, nor shall such waiver constitute a continuing waiver. In the event that any provision of this Agreement is found to be void or unenforceable, the remaining provisions shall nonetheless be binding with the same effect as though the void or unenforceable parts were deleted.

(d) **Binding Effect.** This Agreement shall be binding upon and inure to the benefit of all Parties hereto, and their respective heirs, representatives, successors and assigns.

(e) **Additional Documents.** Each Party shall, at the request of the other, execute, acknowledge and deliver whatever additional instruments, and do such other acts, as may be required or convenient to carry out the intent and purpose of this Agreement.

(f) **Missouri Law.** This Agreement shall be governed by and construed under and in accordance with the laws of the State of Missouri.

(g) **Gender/Paragraph Headings/Construction.** As used in this Agreement, the masculine, feminine or neutral gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates. Paragraph headings contained in this Agreement are for convenience only and shall not be considered for any purpose in construing this Agreement. This Agreement shall be construed without regard to the Party or Parties responsible for the preparation of the same and shall be deemed to have been prepared jointly by the Parties hereto. Any ambiguity or uncertainty existing herein shall not be interpreted against either Party, but according to the application of other rules of contract interpretation, if any ambiguity or uncertainty exists.

(h) **Counterparts.** This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed to be an original, and such counterparts shall together constitute one and the same agreement.

(i) **Facsimile/Electronic Signatures.** A facsimile or electronic signature shall have the same force and effect as an original signature, and trigger the obligations under this Agreement.

(j) **Authority.** The corporate signatory below represents that he or she is authorized to execute this Agreement on behalf of the entities named, and to bind such entities to the terms of this Agreement.

**IN WITNESS WHEREOF**, the Parties have executed this Agreement as of the date and year set forth adjacent to each of their respective signatures.

[Signatures to this Agreement Appear on the Next Page]

Dated: _____, 2019                By:_____
                                                         Named Plaintiff
                                                         Brandon Loveless

Dated: 12/2, 2019                          By: *[signature]*
                                                         Defendant
                                                         Ecotech, LLC

Dated: 12/2, 2019                          By: *[signature]*
                                                         Defendant
                                                         Michael Avrushenko

Dated: 12/02, 2019     By: _____
                           Named Plaintiff
                           Brandon Loveless

Dated: _____, 2019    By: _____
                               Defendant
                               Ecotech, LLC

Dated: _____, 2019    By: _____
                               Defendant
                               Michael Avrushenko