UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRANDON LOVELESS, on behalf of himself and others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:19-cv-02698-SNLJ ) |
| ECOTECH, LLC., and MICHAEL AVRUSHENKO, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the parties' joint motion for *in camera* review and approval of their settlement agreement. (ECF #13).[1] The underlying complaint alleges defendants are in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, in that plaintiffs—and similarly-situated workers—were forced "to work a substantial amount of overtime without properly paying all compensation due." No class has been certified in this case. There is a recognized circuit split on

---

[1] In a separate order, this Court directed the parties to show cause why their motion should remain under seal. The parties sought permission to file their motion under seal, citing agreed-upon confidentiality provision between them, which was initially granted. [Doc. # 12]. But, this Court—upon further review—raised its concern that confidentiality, alone, is insufficient. *See, e.g. Hart v. ITC Service Group, Inc.*, 2017 WL 2728439 at *2 (W.D. Mo. June 23, 2017) (confidentiality provisions, alone, insufficient to seal FLSA settlement); *see also CAA Sports, LLC. v. Dogra*, 2018 WL 6696622 at *1-2 (E.D. Mo. Dec. 20, 2018) (accord, and noting there must be some additional concern beyond confidentiality such as protecting trade secrets, matters of national security, honoring the rules of sovereign nations, or concealing personal identifying information such as birth dates or social security numbers). In view that court records are normally open to the public absent special circumstances, the parties agreed the seal should be lifted, ECF #15. Granting that motion, the "in camera review" aspect of the settlement approval motion is treated as withdrawn.

1

whether "the FLSA requires judicial approval to settle bona fide disputes over hours worked or waged owed." *Barbee v. Big River Steel, LLC.*, 927 F.3d 1024, 1026 (8th Cir. 2019). The Eighth Circuit has, so far, avoided giving its "view on the circuit split." *Id.* at 1027. However, it has been made clear that "any authority for judicial approval of FLSA settlements ... does not extend to review of settled attorneys fees." *Id.* Accordingly, despite discussion of attorney fees in their joint motion, this Court need not review that aspect of their motion.

Instead, this Court will follow the lead of other judges in this district who ensured, at minimum, the propriety of the "compromised monetary amounts [used] to resolve pending wage and overtime claims." *Donoho v. City of Pacific, Mo.*, 2019 WL 5213023 at *1 (E.D. Mo. Oct. 16, 2019) (Baker, J.) (quoting *Carrillo v. Dandan Inc.*, 51 F.Supp.3d 124, 134 (D.D.C. 2014)); *Pendergrass v. Bi-State Utilities Co.*, 2019 WL 3532005 at *1 (E.D. Mo. Aug. 2, 2019) (Collins, J.); *Jones v. Synergies3 Tec Servs., LLC.*, 2018 WL 6727061 at *2 (E.D. Mo. Dec. 21, 2018) (Ross, J.); *Collins v. Veolia ES Industrial Servs., Inc.*, 2016 WL 1275598 at *2 (E.D. Mo. Apr. 1, 2016) (Fleissig, J.). In that effort, this Court must first determine that "the litigation involves a bona fide dispute." *Collins*, 2016 WL 1275598 at *2. Among the factors the court may consider are "the stage of the litigation [and] the amount of discovery exchanged." *Id.*; *King v. Raineri Const., LLC.*, 2015 WL 631253 at *2 (E.D. Mo. Feb. 12, 2015) ("[T]he proposed settlement [must be] the product of contested litigation"). Here, the parties—both represented by counsel experienced in FLSA matters—have indicated they "exchanged and reviewed employment-related documents and engaged in weeks of negotiations based on plaintiff's

2

counsel's review and analysis of [the] payroll records produced by defendant." The review and analysis of relevant records by opposing counsel and the "weeks of negotiations" over the implications of those records is enough to establish, for purposes here, that their dispute was bona fide. *See Donoho*, 2019 WL 5213023 at *2; *Jones*, 2018 WL 6727061 at *2; *King*, 2015 WL 631253 at *3.

This Court assesses, next, whether the settlement terms are "fair and equitable to all parties." *Collins*, 2016 WL 1275598 at *2. It is noted that neither the complaint nor the parties' motion makes clear what the actual damages were, nor was any underlying data provided, so it is unclear how lucrative the settlement terms are. In most cases, the court satisfies itself by comparing the amount sought with the amount received in settlement—something that cannot be done, here. *See Donoho*, 2019 WL 5213023 at *2 (total settlement amount equating to 100% of the amount actually owed); *Jones*, 2018 WL 6727061 at *2 (total settlement amount equating to 98% of actual damages suffered); *Collins*, 2016 WL 1275598 at *2 (total settlement amount equating to 80% of maximum alleged damages); *see also Roberts v. Logo Loops*, 2016 WL 454757 at *2 (E.D. Mo. Feb. 5, 2016) (total settlement amount of $27,500.00 found fair without analysis of the amounts initially sought by comparison). Still, the settlement terms note the sum to be given to plaintiff is "[a] sum constitut[ing] FLSA wages [] plaintiff asserts to be due to him," and the amount—$5,200.00 plus liquidated damages and attorneys' fees—seems to comport with the allegations of the complaint, raising "no evidence of overreaching on the part of defendants[.]" *Roberts*, 2016 WL 454757 at *2.

3

The settlement appears fair, reasonable, and in resolution of a bona fide dispute. Accordingly, the motion for settlement approval—to the extent approval is necessary at all—will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the parties' joint motion for approval of their settlement agreement (ECF #13) is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties' joint motion to withdraw motion for *in camera* review (ECF # 15) is **GRANTED**. The clerk shall **UNSEAL** the joint motion and its accompanying exhibit, ECF #13, #13-1.

**IT IS FURTHER ORDERED** that, within **seven (7) days** of the date of this Order, the parties shall file appropriate dismissal papers disposing of this case.

So ordered this 3rd day of March 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE